# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

BRUCE EMERD JAMES and
ANDREA B. JAMES,

**Debtors.**

**Bankruptcy Case
No. 04-42053**

_____

### MEMORANDUM OF DECISION
_____

**Appearances:**

    Anita Moore, Caldwell, Idaho, Attorney for Debtors.

    R. Sam Hopkins, Pocatello, Idaho, Chapter 7 Trustee.

### Background and Facts

Debtors Bruce and Andrea James ("Debtors") filed a joint voluntary Chapter 7 petition on September 28, 2004. Docket No. 1. In Schedules A and C, Debtors disclosed that they owned a fourteen acre homesite (the "Property") in Minidoka County, which they claimed exempt as a homestead under Idaho Code

MEMORANDUM OF DECISION - 1

§§ 55-1003 and 55-1004. Docket No. 4. On November 15, 2004, Chapter 7 Trustee R. Sam Hopkins ("Trustee") filed a timely objection to Debtors' homestead exemption, asserting that because they did not reside on the Property, Debtors were not entitled to an exemption absent a properly recorded declaration. Debtors responded to Trustee's objection on December 15, 2004, arguing that they had in fact executed and recorded an appropriate declaration of homestead as to the Property. Docket No. 7.

On January 12, 2005, the Court conducted a hearing on Trustee's objection at which the Debtors submitted a copy of their recorded declaration of homestead. Ex. 1. The declaration was executed by Debtors on November 22, 2004, nearly a month after they filed their bankruptcy petition and one week after the Trustee objected to their exemption. It was not recorded with the county recorder until December 22, 2004.

At the hearing, the parties stipulated that Debtors purchased the Property in July, 2002, with the intent to some day construct a permanent residence there. Debtors' declaration indicates that the Property is bare ground located in Rupert, Idaho, while their petition discloses that, at the time of filing, they lived in Burley, Idaho. Ex. 1; Docket No. 1. At the conclusion of the

MEMORANDUM OF DECISION - 2

hearing, the Court took the matter under advisement.[1]

Debtors argue that since the bankruptcy estate included the Property on the petition date, and Idaho law does not require debtors to file declarations of homestead within any specific time limits, Debtors should be allowed an exemption despite the fact that the declaration was executed and recorded after they filed their bankruptcy petition. Trustee disagrees, asserting that, to be valid in bankruptcy, the declaration must be recorded prior to filing the petition.

**Disposition**

In Idaho, a debtor's bankruptcy exemptions are determined by reference to state law. 11 U.S.C. § 522(b); Idaho Code § 11-609. Under Idaho law, a debtor may claim a homestead exemption in real property. Idaho Code §§ 55-1001–1011; *In re Koopal*, 226 B.R. 888, 890, 98.4 I.B.C.R. 98, 99 (Bankr. D. Idaho 1998); *In re Millsap*, 122 B.R. 577, 579, 91 I.B.C.R. 5, 7 (Bankr. D. Idaho 1991). The Court liberally construes the homestead statutes in favor of the debtor. *In re Steinmetz*, 261 B.R. 32, 32, 01.1 I.B.C.R. 28, 28 (Bankr. D. Idaho 2001); *Koopal*, 226 B.R. at 890; *In re Peters*, 168 B.R. 710, 711, 94 I.B.C.R. 44, 44 (Bankr. D. Idaho 1994). As the objecting party, Trustee bears the burden of

---

[1] This Memorandum of Decision is the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052, 9014.

MEMORANDUM OF DECISION - 3

proving an exemption is not proper. Fed. R. Bankr. P. 4003(c); *Steinmetz*, 261 B.R. at 32, 01.1 I.B.C.R. at 28.

Because Debtors' Property is "unimproved land," *see* Idaho Code § 55-1001(2), to establish an exemption Debtors were required to execute a declaration of homestead containing the information specified in Idaho Code § 55-1004(3) and to file that declaration in the recorder's office of the county in which the land is located. Idaho Code § 55-1004(2), *construed in In re Field*, 05.1 I.B.C.R. ____, Ch. 7 Case No. 01-41575, Docket No. 29 (Bankr. D. Idaho Jan. 18, 2005). Here, Debtors filed such a declaration. But Debtors' attempt to establish a homestead exemption was untimely for bankruptcy purposes.[2] The relevant date for determining the status of a claim of homestead exemption is the date of filing. 11 U.S.C. § 522(b)(2)(A); *Culver, L.L.C. v. Chiu* (*In re Chiu*), 266 B.R. 743, 751 (B.A.P. 9th Cir. 2001) ("[T]he nature and extent of exemptions is determined as of the date that the bankruptcy petition is filed."). And, when a declaration is required, as is the case here, the homestead exemption will not arise until the

---

[2] Because the declaration was not timely executed and recorded, the Court need not decide whether the declaration was otherwise adequate under the requirements of Idaho Code § 55-1004(3). The Court notes, however, that Debtors' declaration does not include an estimate of the property's actual cash value, which Idaho Code § 55-1004(3)(c) expressly requires. Without that information, Debtors' declaration may be invalid even if it had been timely filed. *See In re Field*, Mem. Decision at 19–20 (holding that, where a declaration failed to include elements required by statute, the declaration was invalid).

MEMORANDUM OF DECISION - 4

declaration is actually recorded. Idaho Code § 55-1004(1).

No new legal trail need be blazed here. In 1924, the Supreme Court decided *White v. Stump*, 266 U.S. 310 (1924). While W*hite* was decided under the Bankruptcy Act and interpreted the Idaho homestead statutes before Idaho recognized "automatic" homestead exemptions, the holding of that case would appear to control here: when a declaration of homestead is required by Idaho law, the homestead exemption "arises when the declaration is filed, and not before. Up to that time the land is subject to execution and attachment like other land." *Id.* at 310. In other words, if a declaration has not been executed and properly recorded on the date the bankruptcy petition is filed, the debtors' real property is not exempt. *Id.* at 313–14.

In this bankruptcy case, Debtors recorded their declaration almost three months after they filed their bankruptcy petition. Without a recorded declaration on file when the bankruptcy case was commenced, the Property can not be exempted.

### Conclusion

Because they had not recorded a declaration of homestead before they filed their petition, Debtors are not entitled to a homestead exemption in the Property in this bankruptcy case. The Trustee's objection will be sustained by

MEMORANDUM OF DECISION - 5

separate order.

Dated: January 26, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 6